[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant Scott Mooney appeals the decision of the Coshocton County Court of Common Pleas that ordered him to name four of his children as dependants on his health insurance coverage offered through his employer. The following facts give rise to this appeal. Appellant and Appellee Janet Mooney filed a petition for dissolution of marriage and separation agreement on January 31, 1994. By judgment entry dated March 14, 1994, the trial court approved the provisions of the separation agreement and incorporated the separation agreement as part of the decree. On this same date, the trial court also filed a dependent health care order. Because neither party had health care coverage, the trial court ordered appellee [Obligee] "* * * responsible for ordinary medical, dental, optical, and related health care expenses in the amount of $100.00 per year, per child. The Obligor [appellant] and the Obligee shall share equally liability for the cost of extraordinary medical, dental, optical, psychological, or related health care expenses, i.e., any such expense in excess of the above amount." The trial court also provided, in the dependent health care order, that if group health insurance becomes available, for the dependent children, at a reasonable cost, through a plan offered by appellant's or appellee's employer, the Child Support Enforcement Agency of Coshocton County should be notified. Apparently, through his employment, group health insurance coverage became available to appellant. On June 21, 1999, the trial court ordered appellant to provide health insurance coverage for four of his minor children. Appellant filed a notice of appeal, from this order, and sets forth the following assignment of error for our consideration:
 I. APPELLANT SUGGESTS THAT THE COURT ERRED IN ITS CURRENT DEPENDENT HEALTH CARE ORDER, FILED JUNE 21, 1999, INASMUCH AS THE COURT HAS FOUND THAT HEALTH INSURANCE COVERAGE AVAILABLE TO APPELLANT IS OF "REASONABLE" COST WITHOUT THE BENEFIT OF EVIDENCE.
 I
Appellant contends, in his sole assignment of error, that the trial court erred when it ordered him to provide health insurance coverage for his four minor children without the benefit of evidence to determine whether he could provide coverage at a "reasonable cost." We agree. The standard of review of an appellate court in a domestic relations matter concerning child support is abuse of discretion. Booth v. Booth (1989), 44 Ohio St.3d 142,144. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. It is based on this standard that we review appellant's sole assignment of error. The dependent health care order filed by the trial court on March 14, 1994, provided that: (2) If, after the issuance of this order, group health insurance coverage becomes available for the dependent children at a reasonable cost through a plan offered by Obligor's or Obligee's employer or through any other group health insurance plan available to Obligor or Obligee, said party shall immediately notify the Child Support Enforcement Agency of Coshocton County * * *. (Emphasis added.)
Appellant argues that he cannot provide health care for his four minor children at a "reasonable cost" because it would result in nearly $2,000 less, per year, of disposable income. Appellant further contends that the current child support order comprises approximately forty percent of his disposable income. The record indicates that the trial court did not conduct a hearing prior to filing the dependent health care order, on June 21, 1999, and therefore, pursuant to its previous dependent health care order, did not determine whether appellant could provide such insurance at a "reasonable cost." Thus, we sustain appellant's sole assignment of error and remand this matter, to the trial court, for the court to conduct an evidentiary hearing to determine whether appellant can provide health care coverage at a "reasonable cost." Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Coshocton County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
 __________________ Wise, J.
Gwin, P.J., and Farmer, J., concur.